HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN BARELA<br>Accused as Suspect in Child Abuse<br>Arrested, Cover Cited for Obstruction<br>LYNN BARELA<br>Joined as Party of Interest,<br><br>          Plaintiffs,<br><br>     v.<br><br>ELLIS W. JOHNSON, M.D.<br>In Individual Capacity and<br>In Professional Capacity as Family Physician<br>LORI JOHNSON<br>In Individual Capacity and<br>In Professional Capacity as Medical Assistant,<br><br>          Defendants. | Case No. C05-5785 RBL<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT |

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment. The defendants, Dr. Ellis Johnson and his nurse Lori Johnson, seek dismissal of all of plaintiffs' claims against them.

The Plaintiff, Juan Barela, claims that the Defendants were negligent when they reported that one of their patients, who is Barela's minor grandchild, presented at their clinic with what Dr. Johnson suspected was symptoms of child sexual abuse. Defendant reported his suspicions to Child Protective services ("CPS") under Chapter 26.44 RCW. That report apparently led to the arrest of Mr. Barela, and to his separation from the child. Plaintiff has sued pro se, alleging what appear to be four causes of action:

1.   Negligence, based on his claim that the report of sexual abuse was unfounded;

1  2. Medical malpractice, based on his claim that the doctor was negligent in determining that there had been sexual abuse;

2. 

3  3. Racial discrimination, based on what he claims was a racially charged statement made by Defendnat Lori Johnson; and

4. Res ipsa loquitur, which is another manner of asserting plaintiff's negligence claim.

Defendants seek the dismissal of each of these claims, arguing that a Washington Statute both requires health care providers to report suspected child abuse and provides immunity to the providers for doing so. They argue that because the Plaintiff was not the Defendant's patient, he can identify no duty to him, and cannot support his medical malpractice claim as a matter of law. They also argue that the plaintiff has not and cannot establish a racial discrimination claim under any Constitutional or statutory protection, and that he cannot support his claim for such a violation under 42 U.S.C. §1983. Finally, Defendants argue that the doctrine of res ipsa loquitur – which is simply a manner of proving negligence where the fact of negligence is obvious, but the precise breach of duty cannot be identified - does not apply.

The Plaintiff's response is based on his sealed affidavit and similar affidavits from two minors regarding the factual context of the case. His pro se brief is emphatic, if difficult to follow. It appears to argue primarily that there are questions of fact for the jury to decide, and that the statutes regarding the investigation of child abuse are designed to protect parents as well as children.

**Summary Judgment Standard**.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return

a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Plaintiff Barela has appeared pro se. Courts in this Circuit have long held that, particularly where a pro se petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 ( 9th Cir.1990); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) ("[W]e have an obligation where the petitioner is pro se ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") The court is aware of and has applied this rule of liberality.

**Discussion.**

Despite the fact that the facts are to be viewed in the light most favorable to the non-moving Plaintiff, the court must grant the Defendants' Motion on all claims. First, and most importantly, it appears that the doctor did in fact suspect child abuse and he did so in good faith. Indeed, though the abuse claim may not have turned out to be true, there does appear to be a basis for the suspicion. RCW 26.44.030(1) required the doctor to report his suspicions. RCW 26.44.060(1) specifically and unambiguously provides that "any person participating in good faith in the making of a report pursuant to this chapter or testifying as to alleged child abuse or neglect in a judicial proceeding shall in so doing be immune from any liability arising out of such reporting."

Plaintiff has not and cannot avoid the necessary implication of this statutory scheme: the Defendant cannot be liable for any negligence in reporting the suspected child abuse. He was required to report his suspicions, there is no evidence he did so in other than good faith, and he is statutorily immune from liability for doing so.

Second, while the plaintiff parent may be one of the class of persons meant to be protected by the statutory scheme regarding the investigation of suspected child abuse, that does not change the fact that in order to assert a medical malpractice claim, the plaintiff must demonstrate that the physician owed that person some duty of care. The plaintiff does not and cannot establish that he was the Defendant doctor's patient, or that he was otherwise the beneficiary of some medical duty of care outside the abuse reporting statutory scheme. The Plaintiff's medical malpractice claim fails as a matter of law.

Third, the Plaintiff asserts a racial discrimination claim. Its basis factually is the claimed statement by Defendant Lori Johnson to a minor child ("KB") that "you probably don't know it yet, but if you hang out with

Mexicans, people will think you a tramp." KB testifies that she identified Lori Johnson's daughter at school and told her grandfather that "that is the girl whose mother [said that to me.]" The timing and context of this statement is not addressed. Also lacking is some explanation of how KB knew that her classmate's mother was the person who allegedly said this to her. And, in any event, the doctor and not the assistant made the call to CPS and there is no evidence that Lori Johnson played a role in that decision.

The legal basis for Plaintiff's asserted §1983 claim is not clear. He does not articulate the constitutional or statutory right alleged to violated by this patently offensive remark, or how his own rights have been violated in an actionable way by it. The Plaintiff provides no evidence beyond the statement that the doctor's report was based on any racial bias. There is simply no evidence supporting the inference that the report made by the Defendant doctor, and its effect on the Plaintiff, was related in any way to the alleged statement made by Defendant Lori Johnson to a non-party minor.

ORDERED, ADJUDGED and DECREED that the motion of Defendants Ellis W. Johnson, M.D. and Lori Johnson for summary judgment of dismissal of plaintiffs' claims is **GRANTED.** It is further

ORDERED, ADJUDGED and DECREED that plaintiffs' claims against defendants Ellis W. Johnson, M.D. and Lori Johnson be and hereby are **DISMISSED WITH PREJUDICE.**

DATED this 23rd day of October, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE